UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REINO DE ESPANA,

               Plaintiff,

- against -

AMERICAN BUREAU OF SHIPPING, et al.,

               Defendants.

MEMORANDUM OPINION AND ORDER

03 Civ. 3573 (LTS) (RLE)

RELATED CASE:

04 Civ. 0671 (LTS) (RLE)

---

**RONALD L. ELLIS, United States Magistrate Judge:**

### I. INTRODUCTION

Plaintiff Reino de España ("Spain") brings this case – arising from the casualty and sinking of the *Prestige* off the coast of Spain in 2002 – against American Bureau of Shipping ("ABS"), and other defendants. On April 19, 2005, the Court granted each party fifty-depositions. The Court held that a party could make an application for any depositions beyond the fifty-deposition limit as long as it explained why the person was not taken in the first round of fifty depositions, and the importance of that person. *See* Tr. p. 28, ll. 10-22. The Court also ruled that the opposing party would have an opportunity to comment on the relative importance of the proposed additional witnesses. <u>Id</u>. On November 4, 2005, in a conference before the Court, Spain requested relief from the fifty-deposition limit. The Court denied the request. Spain now requests reconsideration of the fifty-deposition limit. For the reasons which follow, Spain's request for reconsideration is **DENIED**.

### II. STANDARD FOR RECONSIDERATION

Spain may move for reconsideration of the Order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Federal Rules of Civil Procedure. Spain must

outline "the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if Spain can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

### III. DISCUSSION

The fifty-deposition limit was addressed by the Court on October 17, 2005, and was again considered, and reaffirmed on November 4, 2005. On October 14, 2005, Spain had submitted a letter outlining the outstanding discovery disputes between the parties. In its letter, and orally at the October 17, 2005 conference, Spain requested leave to depose fifty-three ABS witnesses. In light of its April 19, 2005 ruling, the Court held that the parties must abide by the fifty-deposition limit.

On November 1, 2005, Spain submitted a new letter to the Court outlining remaining discovery disputes in the case. In its letter, and orally at a conference on November 4, 2005, Spain renewed its request for relief from the fifty-deposition limit. Spain requested permission to depose fifty-nine ABS witnesses, and argued that vis-a-vis ABS, its discovery concerns a longer period of inquiry, more claims, and more defendants to investigate. ABS objected to Spain's request, and contended that there had already been sufficient testimony on the issues Spain is concerned about. The Court denied Spain's request on November 4, 2005.

In support of its request for reconsideration, Spain submits to the Court that by the time

the fifty-deposition limit was set on April 19, 2005, Spain had already deposed twenty-four witnesses. Spain maintains that although it endeavored to take the most relevant persons at the time, it may not have taken some of the depositions in retrospect if it was aware from the beginning that it would be limited to fifty depositions for party and non-party witnesses. Spain's argument is unpersuasive. Spain does not meet the standard set in the Court's April 19, 2005 ruling. Spain has produced no new evidence or information that would merit a reconsideration or modification of the fifty-deposition limit. Spain's request is **DENIED**.

## IV. CONCLUSION

Spain's arguments are without merit, and do not point to any "controlling decisions or factual matters that were put before [the Court] on the underlying motion" and which the Court overlooked. Shamis, 187 F.R.D. at 151. In light of the foregoing, Spain's request for reconsideration is **DENIED**.

**SO ORDERED this 14th day of November 2005**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**