UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

REINO DE ESPANA,  :
:
                                 Plaintiff,  :    OPINION AND ORDER
:
            - against -  :    03 Civ. 3573 (LTS) (RLE)
:
AMERICAN BUREAU OF SHIPPING, et al.,  :
:
                                Defendants.  :

------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Reino de España ("Spain") brings this case – arising from the casualty and sinking of the *Prestige* off the coast of Spain in 2002 – against American Bureau of Shipping ("ABS"), and other defendants. By letter dated June 7, 2006, Spain asks the Court to order the production of financial records from ABS. For the reasons which follow, Spain's request is **DENIED**.

## II. DISCUSSION

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b), Federal Rules of Civil Procedure. "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Crey v. Berisford Metals Corp.**, 1991 WL 44843, at *7 (S.D.N.Y. 1991) (citation omitted)..

Spain maintains that the contested financial records are relevant to its claim that ABS diverted revenue and resources, thus failing to adequately address surveyor training and staffing

deficiency concerns. ABS argues that the contested records are simply not relevant and unnecessary at the liability stage of the litigation. Whether ABS's alleged training and staffing deficiencies are the result of revenue being diverted to executive compensation, retirement plans, or any other area for that matter, is not relevant to this case. This litigation concerns the design, construction, operation, maintenance, and inspection of the *Prestige*. Discovery in this case should be limited to records containing information relating to the allegations in the complaint and the circumstances surrounding the *Prestige* casualty, and should not include unrelated records, or detailed financial information from ABS, especially at the liability stage of the litigation. Spain's request for an order directing ABS to produce the contested records is, therefore, **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Spain's request for disclosure of the contested records is hereby **DENIED**.

**SO ORDERED this 7th day of June 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**