UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REINO de ESPAÑA, on its own behalf, and
as trustee,

                      Plaintiff,

-against-

THE AMERICAN BUREAU of SHIPPING, INC.,

                      Defendant.

No. 03 Civ. 3573 (LTS)(RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/28/06

LAURA TAYLOR SWAIN, United States District Judge

MEMORANDUM OPINION & ORDER

On October 18, 2004, the Court referred this action arising out of the sinking of an oil tanker off the coast of Spain, to Magistrate Judge Ronald L. Ellis for general pretrial supervision. During an April 19, 2005, hearing, Judge Ellis allowed the parties to conduct fifty depositions each. At that time, and on subsequent occasions thereafter, Plaintiff Reino de España ("Plaintiff" or "Spain") requested the opportunity to depose more witnesses. Judge Ellis denied Plaintiff's requests, including such a request made during a November 4, 2005 conference (the "Oral Order"). Plaintiff then filed a motion for reconsideration of Judge Ellis' Oral Order. Judge Ellis denied the reconsideration motion in a Memorandum Opinion and Order dated November 14, 2005 (the "Written Order"). Spain has timely filed an objection to Judge Ellis' Written and Oral Orders, arguing that Judge Ellis' refusal to allow the requested additional depositions was not consistent with Federal Rule of Civil Procedure 26(b)(2) and failed to take into consideration certain factual matters. Defendants American Bureau of Shipping, ABSG Consulting Inc., and

ABS Group of Companies ("Defendants" or "ABS") have filed papers in opposition to Spain's objections.

The Court has considered thoroughly Judge Ellis' Orders, Plaintiff's objections, and Defendants' response. For the reasons explained below, the Court finds no basis to set aside Judge Ellis' Orders, and accordingly denies Plaintiff's request for relief therefrom.

## DISCUSSION

### Standard of Review

If a party timely objects to a magistrate judge's order regarding non-dispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C.A. § 636(b)(1)(A) (West 2005) (the "judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). The magistrate judge's findings may be considered "clearly erroneous" where "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Further, since this standard of review is "highly deferential[,]. . . magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." Derthick v. Bassett-Walker, Inc., Nos. 90 Civ. 5427(JMC), 90 Civ. 7479(JMC), & 90 Civ. 3845(JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

Oral Order

Judge Ellis' limitation of the parties' depositions to fifty each was neither contrary to law nor clearly erroneous, particularly in light of Judge Ellis' clear statement of reasons for his order and the conditions under which he would consider requests for additional depositions. A magistrate judge is afforded broad discretion in managing discovery matters. See, e.g., In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003). The Federal Rules of Civil Procedure provide that parties are entitled only to ten depositions each and that, in the absence of agreement to a greater number, they must obtain leave of the Court before taking any additional depositions. Fed. R. Civ. P. 30(a)(2)(A); see also Commodity Futures Trading Comm'n v. Commodity Inv. Group, Inc., No. 05 Civ. 5741(HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005). Such leave is inappropriate where the judge

> determines that (1) the discovery sought is unreasonably cumulative or duplicative, or more readily attainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

In re Subpoena, 350 F.3d at 69 (citing Fed. R. Civ. P. 26(b)(2)(i)-(iii)).

After Spain and ABS were unable to agree upon the number of depositions to be taken and after hearing the parties out on their respective needs and concerns, Judge Ellis determined that fifty would be an appropriate limit in this complex litigation. (See Hr'g Tr. 27-28, Apr. 19, 2005.) Judge Ellis also made appropriate provisions for requesting additional depositions, setting conditions reflective of Rule 26(b)(2) considerations:

> One, you will explain to me, first of all why this person was not taken in the first round of 50 depositions and the importance of that person. The other side will have the opportunity to do two things. One, to say that this person is not important; and, two, that certain persons who were deposed before are of lesser importance. . . . That is, if you are unwise and you give the other side ammunition

>   by deposing people who are not really important to this litigation and they point
>   that out to me when you are making applications to do additional depositions you
>   will not get to take those depositions.

(Id. at 28-29.)

Spain took numerous opportunities to argue before Judge Ellis its application for additional depositions, in written submissions dated October 14, 2005 and October 31, 2005, as well as during oral arguments on April 19, 2005 and November 4, 2005. Spain put forward its views as to how it believed it had used its allotment and as to why specific further depositions are, in its view, necessary. Judge Ellis' Oral Order reflects thoughtful consideration of Spain's arguments and the relevant factors and is neither clearly erroneous nor contrary law.

Accordingly, Spain's objection to Judge Ellis' Oral Order is overruled.

Written Order

Judge Ellis' denial of Spain's motion for reconsideration was also neither clearly erroneous nor contrary to law. In the Southern District of New York, motions for reconsideration are governed by Local Civil Rule 6.3. Pursuant to Local Civil Rule 6.3, the party moving for reconsideration "must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). "Alternatively, the [c]ourt may grant the motion to correct a clear error or prevent manifest injustice." Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal citations and quotation marks omitted).

Judge Ellis did not overlook any factual matters or controlling law in his denial of Spain's motion for reconsideration. Judge Ellis was keenly aware of Spain's proffers as to why the deposition limit should be increased, including its arguments that "its discovery concerns a longer period of inquiry, more claims, and more defendants to investigate." (Written Order, 2.) Further, Spain's argument that Judge Ellis failed to take into consideration Federal Rule of Civil Procedure 26(b)(2) is without merit, as the criteria upon which his decision to deny Spain's request were based were, as noted above, entirely consistent with Rule 26(b)(2). (See id. at 3.) As Judge Ellis correctly noted in the Written Order, Spain failed to proffer any relevant factual matters or controlling law that Judge Ellis may have overlooked, and there was no clear error in his denial of Spain's motion for reconsideration.

Accordingly, Plaintiff's objection to Judge Ellis' Written Order is overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Ellis' Oral and Written Orders are overruled, and its request for relief from those decisions is denied.

Dated: New York, New York
July 27, 2006

_____
LAURA TAYLOR SWAIN
United States District Judge