UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ORIGINAL**

REINO de ESPAÑA, on its own behalf, and
as trustee,

No. 03 Civ. 3573 (LTS)(RLE)

Plaintiff,

-against-

THE AMERICAN BUREAU of SHIPPING, INC.,

Defendant.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/04/06

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM OPINION & ORDER

On October 18, 2004, this Court referred this action, which arises out of the sinking of an oil tanker off the coast of Spain, to Magistrate Judge Ronald L. Ellis for general pretrial supervision. Magistrate Judge Ellis issued an Opinion and Order (the "Order") in this action on August 1, 2005, denying motions by Plaintiff Reino de España ("Plaintiff" or "Spain") for orders authorizing the withholding of certain documents Plaintiff asserts are protected as privileged under Spanish law. Plaintiff objects, pursuant to Federal Rule of Civil Procedure 72(a), to the portion of the Order that denies Spain's claim of privilege as to files relating to an ongoing Spanish criminal proceeding and directs Spain to give Defendants American Bureau of Shipping, ABS Group of Companies, Inc., and ABSG Consulting Inc. (collectively, "Defendants" or "ABS"), access to the alleged privileged material. After a thorough review of the Order, Plaintiff's objections, and Defendants' response thereto, the Court overrules Plaintiff's objections. Magistrate Judge Ellis' findings were neither clearly erroneous nor contrary to law.

Copies given to all counsel
Chambers of Judge Swain 8-4-06

## BACKGROUND

Defendants requested access to the contents of the court file maintained by the Spanish Number One Preliminary Investigating Court of Corcubión (A Coruna) (the "Corcubión Court") in connection with civil and criminal proceedings commenced against certain individuals allegedly involved with the sinking of the *Prestige* oil tanker off the coast of Spain (the "Corcubión File"). Currently, the criminal proceedings before the Corcubión Court are in the "investigation phase, during which the presiding judge gathers information concerning the charges against the accused parties and evaluates whether there is sufficient cause to proceed to a criminal trial." (Oscar García Maceiras Decl. ¶ 4, Brian D. Starer Aff. Ex. 1.) Defendants claim that the Corcubión File contains documents necessary to its defense in the American litigation, including "tens of thousands of pages of documentary as well as physical evidence, many statements by Spanish government officials, the master and crew and other witnesses involved in the *Prestige* incident, transcripts or summaries of live witness testimony, party pleadings, and judicial rulings." (Def.'s Mem. in Opp'n, 4-5.) However, pursuant to Article 301 of the Spanish Law of Criminal Procedure, "[t]he records of a criminal investigation shall be confidential until the commencement of the trial." (Maceiras Decl. Ex. A.) The exception to this rule is found in Article 302 of the Spanish Law of Criminal Procedure, which provides that "[t]he parties to the proceeding may review the records and participate in all the phases of the proceeding." (Id.) Unlike Spain, ABS is not a party to the Corcubión Court proceedings and has been accordingly denied access to the Corcubión File, pursuant to an Order by Judge Javier Collazo Lugo of the Corcubión Court. (Starer Aff. Ex. 4 ("As we are in this phase of the instruction and as [ABS] is not a party in this procedure, its request to have access may not be granted.").) Judge Lugo

reaffirmed his ruling in an Order dated November 10, 2005. (See Letter from Juan A. Anduiza to Judge Swain, Nov. 18, 2005, Ex. 2.) ABS has also unsuccessfully requested the contents of the Corcubión File from Plaintiff, which has disclosed to ABS only Spain's own evidentiary submissions to the Corcubión Court. (See Def.'s First Request for Production of Docs. to Pl., Starer Aff. Ex. 8.) The parties estimate that the investigatory phase of the Corcubión Court proceedings will conclude, and that the Corcubión File will thus be available to non-parties, between February 2007 and July 2007. (See Letter from Steven A. Hammond to Judge Swain, July 14, 2006; Letter from Juan A. Anduiza to Judge Swain, July 14, 2006).

## DISCUSSION

### Standard of Review

If a party timely objects to a magistrate judge's order regarding non-dispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C.A. § 636(b)(1)(A) (West 2005) (the "judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). The magistrate judge's findings may be considered "clearly erroneous" where, "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Since this standard of review is "highly deferential[,] . . . magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal

is appropriate only if their discretion is abused." Derthick v. Bassett-Walker, Inc., Nos. 90 Civ. 5427(JMC), 90 Civ. 7479(JMC), & 90 Civ. 3845(JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

Judge Ellis Applied Properly the International Comity Test

In objecting to Judge Ellis' Order, Spain argues that Judge Ellis did not place enough weight on Spain's national interests, "improperly assessed the balance of hardships facing Spain and ABS," and "virtually ignored" the ruling of the Corcubión Court denying ABS access to the Corcubión File. (Pl.'s Objs., 1.) Spain further claims that Judge Ellis misunderstood "the policy reasons behind Spain's secrecy laws." (Id.)

In the Order, Judge Ellis correctly observed that Defendants' ability to review the Corcubión File must be evaluated in the context of the principles of international comity and that, under certain circumstances, an American court "has the power to compel production of the Corcubión File in spite of Spanish laws or rulings." (Order, 4-5 (citing Société Nationale Industrielle Aérospatiale v. United States District Court, 482 U.S. 522, 544 n.29 (1987)).) Judge Ellis then considered Spain's assertion of privilege in light of the following seven factors to be taken into consideration in an international comity analysis under both Supreme Court and Second Circuit precedent:

> (1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; . . . (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interest[s] of the state where the information is located . . .; [(6)] the hardship of compliance on the party or witness from whom discovery is sought . . . [; and (7)] the good faith of the party

resisting discovery.

(Id. at 6 (quoting Société Nationale, 482 U.S. at 544 n.28 (citation omitted); Minpeco, S.A. v. Conticommodity Servs., Inc., 116 F.R.D. 517, 522 (S.D.N.Y. 1987)).) Judge Ellis also correctly placed more weight on "the fifth Société Nationale factor – the balance of national interests." (Id.)

While Spain argues that Judge Ellis did not consider properly its national interests, pages 7-11 of the Order contain a well reasoned discussion of the national interests implicated by ABS' request, and a thoughtful explanation as to why, "even though Spain's intervention to object to the production of the Corcubión File should be given 'substantial weight' because it indicates Spain's strong national interest, the American interests in the instant case are even more substantial than that of Spain's," specifically, America's interests in the fair adjudication of a billion dollar lawsuit brought against American defendants in an American court. (Id. at 10.) Fairness is a factor of particular importance here, where Plaintiff has unfettered access to myriad discovery items integral to the instant litigation possibly years before Defendants will obtain access to exactly the same material. Judge Ellis' determination is not undermined by Judge Lugo's rulings, which merely reiterate Spain's position that ABS is precluded from accessing the Corcubión File under Articles 301 and 302 of the Spanish Criminal Law. Judge Ellis also considered thoroughly the policy behind Articles 301 and 302 of the Spanish Criminal Law in connection with Spain's secrecy laws, noting that Spain's interest in keeping the contents of the Corcubión File secret are undercut in substantial part by the unrestricted access all parties to the proceedings (who ABS claims number in the hundreds) have to the Corcubión File's contents, as well as the numerous media articles discussing the contents

of the Corcubión File in the Spanish press.

Spain has failed to demonstrate that Judge Ellis' Order was clearly erroneous or contrary to law. Accordingly, Spain's objection is overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objection to Magistrate Judge Ellis' Order of August 1, 2005, directing production of the Corcubión Court File, is overruled, and its request for relief from that decision is denied.

SO ORDERED.

Dated: New York, New York
August 4, 2006

LAURA TAYLOR SWAIN
United States District Judge