UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REINO DE ESPANA,

                Plaintiff,

         - against -

AMERICAN BUREAU OF SHIPPING, et al.,

                Defendants.

OPINION AND ORDER

03 Civ. 3573 (LTS) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Reino de Espana ("Spain") brought this action, arising from the casualty of the *Prestige* off the coast of Spain on November 19, 2002, against American Bureau of Shipping, ABS Group of Companies, Inc., and ABS Consulting, Inc. (collectively, "ABS"). ABS is seeking reconsideration of this Court's June 1, 2007 Opinion and Order ("June 1 Order") granting, in part, and denying, in part, ABS's November 29, 2006 Motion for Sanctions ("Motion for Sanctions"). For the reasons below, ABS's motion for reconsideration is **DENIED.**

## II. STANDARD FOR RECONSIDERATION

ABS may move for reconsideration of the June 1 Order on the basis of "mistake, inadvertence, surprise, or excusable neglect." **FED. R. CIV. P. 60(b)(1)**. Reconsideration does not allow parties to "reargue those issues already considered when a party does not like the way the original motion was resolved." **In re Houbigant, Inc.,** 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "As such, a party . . . may not advance new facts, issues or arguments not previously presented to the Court." **Id.** (*quoting* **Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.**, No. 86 Civ. 6447 (JMC), 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989)) (internal quotation

marks omitted). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Civil Rule 6.3 should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." **Id. at 462** (*quoting* **Dellefave v Access Temps., Inc.,** No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). The party moving for reconsideration must demonstrate that the court overlooked controlling decisions or factual matters presented in the underlying motion. **Walsh v. McGee**, 918 F. Supp. 107, 110 (S.D.N.Y. 1996). Finally, "[a] party [seeking reconsideration] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." **Polsby v. St. Martin's Press, Inc.,** No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. 2000) (*quoting* **De Los Santos v. Fingerson,** No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)) (internal quotation marks omitted).

### III. DISCUSSION

ABS argues that the Court overlooked significant facts and data evidencing the impact of Spain's failure to produce the documents at issue, inaccurately distinguished and overlooked pertinent law warranting a finding of gross negligence, and ignored Spain's failure to comply with Federal Rules of Civil Procedure 34 and 37 with respect to its case on behalf of Xunta de Galicia.

**A. Controlling Authority.**

ABS argues the Court overlooked, or at least misconstrued, controlling authority in finding that Spain was not grossly negligent (ABS's Memorandum of Law in Support of its

Motion for Partial Reconsideration of Court's June 1, 2007 Order ("Motion for Reconsideration") at 2). Specifically, it asserts that the Court misconstrued **Chan v. Triple 8 Palace, Inc.**, No. 03 Civ. 6048 (GEL) (JCF), 2005 WL 1925579 (S.D.N.Y. Aug. 11, 2005); neglected **In re NTL, Inc. Sec. Litig.**, Nos. 02 Civ. 3013 (LAK) (AJP)/02 Civ. 7377 (LAK) (AJP), 2007 WL 241344 (S.D.N.Y. Jan. 30, 2007), **Housing Rights Ctr. v. Sterling**, No. Civ. 03-859 DSF, 2005 WL 3320739 (C.D. Cal. March 2, 2005), and **DaimlerChrysler Motors v. Bill Davis Racing Co.**, No. Civ. A. 03-72265, 2005 WL 3502172 (E.D. Mich. Dec. 22, 2005); and should revisit **Zubulake v. UBS Warburg LLC**, 229 F.R.D. 422 (S.D.N.Y. 2004), and **Golia v. Leslie Fay Co.**, No. 01 Civ. 1111(GEL), 2003 WL 21878788 (S.D.N.Y. Aug. 7, 2003). Since none is a controlling decision in this district, these cases are improper bases for reconsideration. *See generally* **21 C.J.S. Courts § 212 (2007)** ("A single federal district court decision has little precedential effect, and is not binding on . . . other district judges in the same district.") (footnotes omitted); *see also* **Rose v. Barnhart**, 392 F. Supp. 2d 669, 670 (S.D.N.Y. 2005) ("Reconsideration or reargument is merited if the party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (*quoting* **Shamis v. Ambassador Factors Corp.,** 187 F.R.D. 148, 151 (S.D.N.Y. 1999)) (internal quotation marks omitted).

**B. Spain's Representations.**

ABS argues that the Court overlooked inconsistent and inaccurate representations Spain made throughout discovery, at an evidentiary hearing, and in its Memorandum of Law in Opposition to Defendants' Motion for Reconsideration of this Court's Opinion and Order Dated June 1, 2007 ("Spain's Opposition"). The Court did not improperly overlook any of these

3

particulars. In its June 1 Order, the Court considered contradictory statements made on behalf of Spain, and adjudged it insufficient to establish that Spain willfully or intentionally destroyed evidence. Furthermore, the credibility of statements made in Spain's Opposition is inapposite as the issue was not presented to the Court in ABS's underlying Motion for Sanctions. *See* **Houbigant**, 914 F. Supp. at 1001 ("[T]o be entitled to reargument . . . the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Count on the underlying motion."); *see also* **Bank Leumi Trust Co. of New York v. Istim, Inc.**, 902 F. Supp. 46, 48 (S.D.N.Y. 1995) ("[P]lain language of [local rule governing motions to reargue] precludes a party from advancing new facts, issues or arguments not previously presented to the court . . . ."). Even if it had been properly presented in ABS's underlying motion, the impropriety of raising the matter in a motion for reconsideration would obtain. The Court's June 1 Order, wherein it concluded that witnesses' questionable testimony did not demonstrate that Spain intentionally destroyed emails, would have encompassed the putatively inaccurate statements in Spain's opposition brief. *See **Bank Leumi**,* 902 F. Supp. at 48 (court should grant motion to reargue under local rule only if the moving party presents factual matters the court overlooked that might materially have influenced its earlier decision).

C. **Adverse Inference.**

ABS reargues that it is entitled to an adverse inference. ABS again fails to direct the Court's attention to controlling law which the Court overlooked, and, with apparent disregard for the parameters of reconsideration practice, departs from its underlying motion to introduce new facts and theories. Parties ought neither to confuse nor conflate motions to reargue with appeals from a final judgment. "In deciding a [motion for reconsideration], the court must not allow a

4

party to use the motion to reargue as a substitute for appealing from a final judgment. Therefore, a party . . . may not advance new facts, issues or arguments not previously presented to the court." **United States v. Mason Tenders Dist. Council of Greater New York**, 909 F. Supp. 882, 889 (S.D.N.Y. 1995) (*quoting* **Litton**, 1989 WL 162315, at *3) (internal citations and quotation marks omitted). Thus, the affirmations of Paul J. Neale, Beatriz Biscardi, and Jeffrey R. Coleman, and the opinions of Paul M. Robertson, are, for purposes of reargument, without moment. Furthermore, it is irrelevant whether it was "fair," "unjust," or "improper" for the Court, upon finding that Spain had acted negligently, to require extrinsic evidence before entitling ABS to an adverse inference. *See* **Sequa Corp. v. GBJ Corp**., 156 F.3d 136, 144 (2d Cir. 1998) (a motion for reconsideration is not to be used for presenting the case under new theories or otherwise taking a second bite at the apple).

ABS also maintains the Court's June 1 Order is inconsistent with what ABS pronounces to be "the policy of the Second Circuit" as reflected in **Residential Funding Corp. v. DeGeorge Fin. Corp.**, 306 F.3d 99 (2d Cir. 2002). For purposes of reconsideration, this argument is wishful. ABS cites **Residential Funding** for its admonition that courts should not hold parties to "too strict a standard of proof regarding the likely contents" of unavailable evidence. The evidence presented in ABS's underlying motion would have succumbed to even a more lenient standard, however. It does not contemplate the possibility that Spain's conduct was negligent, and, in consequence, the extrinsic evidence presented to establish the relevance of the missing documents does not succeed in its task. ABS's entire submission to the Court is comprised of two vague admissions by former Spanish vice president, Mariano Rajoy, an accusation against the former Minister of Development, Francisco Alvarez Cascos, and this Court's

decontextualized justification for compelling document production. The Court's June 1 Order did not overlook any of this initial evidence. ABS's subsequent submission is more elaborate than the original, but that is, for purposes of reargument, inconsequential. *See* **Heil v. Lebow**, No. 91 Civ. 8656 (JFK), 1995 WL 231273, at *1 (S.D.N.Y. April 18, 1995) (constraints on reconsideration are intended to ensure the finality of decisions and prevent a losing party from examining a decision to plug in the gaps with new facts).

**D. Autonomous Community of Galicia.**

Finally, ABS asserts that the Court's June 1 Order overlooked its petition to dismiss the claims that Spain brought on behalf of the Autonomous Community of Galicia. It also claims clear legal error given that Spain, according to ABS, has claimed lack of control over Galician evidence and has refused to search for documents from current and former members of the Xunta de Galicia. If "Spain cannot obtain documents from a party it purports to represent," ABS contends, "then any claims on behalf of such a party should be dismissed." (Motion for Sanctions at 17.) To support this proposition, ABS compares this controversy to **Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.**, 105 F.R.D. 16, (S.D.N.Y. 1984). These arguments are without merit. **Compagnie Francaise** is not controlling. In any case, the Court did consider the discovery issue, and found that dismissal was not warranted because there was insufficient evidence demonstrating bad faith, willfulness, or gross negligence by Spain.

## IV. CONCLUSION

For the foregoing reasons, ABS's motion for reconsideration is **DENIED.**

**SO ORDERED this 31st day of October 2007**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**