UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REINO de ESPAÑA, on its own behalf, and
as trustee,

                                                No. 03 Civ. 3573 (LTS)(RLE)

                Plaintiff,

     -against-

THE AMERICAN BUREAU of SHIPPING, INC.,

                Defendant.

---

LAURA TAYLOR SWAIN, United States District Judge


MEMORANDUM OPINION & ORDER


      On October 18, 2004, the Court referred this action, which arises out of the sinking of an oil tanker off the coast of Spain, to Magistrate Judge Ronald L. Ellis for general pre-trial supervision. Magistrate Judge Ellis issued: (1) an Opinion and Order on November 2, 2006 ("November 2 Order"), granting the motion of defendants American Bureau of Shipping, ABS Group of Companies, Inc., and ABSG Consulting Inc. (collectively, "Defendants" or "ABS") to compel Plaintiff Reino de España ("Plaintiff" or "Spain") to disclose electronic documents; (2) an Opinion and Order dated January 25, 2007 ("January 25 Order"), denying Spain's motion for reconsideration of the November 2, 2006, Order; and (3) an Opinion and Order dated June 1, 2007 ("June 1 Order"), granting in part Defendants' motion for sanctions.

        This Memorandum Opinion and Order addresses Plaintiff's objections, pursuant to Federal Rule of Civil Procedure 72(a), to (1) the November 2 and January 25 Orders insofar as Judge Ellis granted Defendants' motion to compel and permitted an application for sanctions

against Plaintiff; and (2) the June 1 Order insofar as Judge Ellis granted sanctions against Plaintiffs in the form of attorneys' fees and costs incurred by Defendants in making their motion to compel discovery. After a thorough review of the Orders, Plaintiff's objections, and Defendants' responses thereto, the Court overrules Plaintiff's objections in their entirety. Judge Ellis' decisions were neither clearly erroneous nor contrary to law.

BACKGROUND[1]

ABS sought production of Spain's electronic documents beginning with its first discovery request, which was served in January 2004. ABS requested, among other things, non-privileged electronic documents from the nine-day period from November 12 through 20, 2002, during which Spain took control of the Prestige. After Defendants moved to compel production of the electronic material, Judge Ellis afforded the parties an opportunity to present their positions, including full briefing on Defendants' motion to compel, a two-day evidentiary hearing on February 9-10, 2006, as well as the submission of post-hearing briefing on the issues. After considering all of the evidence presented, Judge Ellis found that Spain's "failure to conduct discovery in accordance with the Federal Rules and this Court's rules [was] sanctionable," and determined that Spain's representations that further electronic documents did not exist were unconvincing, in part based on the lack of credibility of one of Spain's witnesses at the February 2006 hearing. (Nov. 2 Order at 7, 12, 14.) Judge Ellis also found that Defendants' request for electronic documents was reasonable and limited, and that Spain had failed to preserve electronic

---

[1] The Court assumes the parties' familiarity with the procedural history and substance of the discovery issues, as detailed in Judge Ellis' November 2, January 25, and June 2, Orders, presently before the Court.

documents, specifically, by failing to place a timely litigation hold on its agencies and ministries.² The Court granted Defendants' motion with instructions that ABS file a motion "requesting the relief, remedy, or sanction it deems appropriate." (Id. at 14.) In his June 1 Order, Judge Ellis granted sanctions against Spain in the form of attorneys' fees and costs incurred in making Defendants' motion to compel discovery.

DISCUSSION

Standard of Review

If a party timely objects to a magistrate judge's order regarding non-dispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C.A. § 636(b)(1)(A) (West 2005) (the "judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). The magistrate judge's findings may be considered "clearly erroneous" where, "'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Since this standard of review is "highly deferential[,] . . . magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal

---

² Judge Ellis noted that Spain's "failure to act timely [to preserve documents] supports the allegation that the lack of electronic records is a function of the failure to adequately preserve evidence, and not an indication that such records simply did not exist." (Nov. 2 Order at 14.)

is appropriate only if their discretion is abused." Derthick v. Bassett-Walker, Inc., Nos. 90 Civ. 5427(JMC), 90 Civ. 7479(JMC), & 90 Civ. 3845(JMC), 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

Objections to Judge Ellis' November 2 and January 25 Orders

      Judge Ellis Properly Put Spain on Notice of the Preservation and Spoliation Issues

Spain argues that Judge Ellis "incorrectly found that Spain had been given adequate notice of the Magistrate Judge's intent to hear evidence on the preservation of evidence and spoliation [at the February 9, 2006, hearing on Defendants' motion to compel]." (Pl.'s Objs. Feb. 8, 2007, 9.) Spain's contention that it was denied an opportunity to prepare for and present evidence on the preservation issue is inconsistent with the clear record of this case.

In the November 2 Order, Judge Ellis explained:

> Spain moved to limit the scope of the [February 2006] hearing to the technical nature of its email systems and use of email, arguing that issues related to the preservation of destruction of email should not be addressed. The Court directed the parties to be prepared to address *all* issues surrounding the pending motion.

(Nov. 2 Order at 3) (emphasis added); (see also Anduiza Aff., Ex. 16, Feb. 9, 2006, Evid. Hrg. Tr. 42:2-9.) In the January 24 Order, Judge Ellis further noted:

> Prior to the hearing, the Court stated that it would not preclude evidence of preservation at the hearing. Indeed both parties were given the opportunity to brief the preservation issue, along with any other issues presented during the evidentiary hearing. Spain presented some arguments on the preservation issues, but those arguments do not support reconsideration of this Court's [November 2] Opinion and Order.

(Jan. 24 Order at 4.)

Although Spain claims that it "was denied an adequate opportunity to prepare for

and present evidence on the preservation issue" the record demonstrates the contrary. (Pl.'s Objs. Feb. 8, 2007, 10.) Spain has been on notice of Defendants' preservation and spoliation concerns since at least December 2004. (See Anduiza Aff. Ex. 7, Tab R at 3.) Defendants also asserted in their October 2005 motion to compel papers, which were filed more than three months prior to the evidentiary hearing, that Spain's failure to produce electronic discovery might be the result of Spain's failure to preserve evidence. (Chowhan Aff., Feb. 21, 2007, Ex. B at 12 n.3.) Moreover, as to Spain's argument that its witnesses were ill-prepared to testify about preservation issues at the February 2006 evidentiary hearing, the transcript of the February 2006 hearing, as well as Plaintiff's February 8, 2007, papers,[3] indicate that Spain was on notice that preservation and spoliation might be inquired into during the hearing.[4] Further, Spain's contention that its witnesses were ill-prepared is inconsistent with the affidavits of those same witnesses, which purport to detail a knowledge of preservation and spoliation issues in the context of electronic discovery. In light of Defendants' briefing of its preservation and spoliation concerns months prior to the February 2006 hearing, Judge Ellis' direction that these issues might be addressed at the hearing, and the broad discretion that a magistrate judge has in managing discovery issues and other pre-trial affairs, the Court concludes that Spain had sufficient notice that preservation and spoliation would be at issue. Accordingly, its objection on this ground is overruled, as Spain has

---

[3] It is undisputed that on February 7, 2006, Judge Ellis orally advised the parties that he would not preclude evidence of preservation and spoliation at the February 9, 2006, hearing. (Pl.'s Objs. Feb. 8, 2007, 6.)

[4] At the February 9 hearing, Judge Ellis noted that "certainly central to the issue [of] whether or not the King [sic] of Spain did what was appropriate in terms of documents that were requested . . . it's my view that when a party is asked to produce documents it is always an issue whether or not . . . they adequately preserved them." (Anduiza Aff., Ex. 16, Feb. 9, 2006, Evid. Hrg. Tr. 42.)

shown neither clear error nor action contrary to law in this regard.

Judge Ellis' Procedural Approach was not Defective

In his November 2 Opinion and Order, Judge Ellis conducted a thorough analysis of Spain's search for discovery records and, after considering all of the evidence presented at the February 2006 hearing and the pre- and post-hearing briefing on the preservation and spoliation issues, found that "[Spain's] failure to conduct a timely and effective search for electronic discovery records undermines Spain's position [that it has produced all discovery records from the casualty period] and indicates that evidence related to the *Prestige* was likely lost." (Nov. 2 Order at 8.) Judge Ellis concluded that "[t]he failure to conduct discovery in accordance with the Federal Rules and this Court's rules is sanctionable." (Id. at 12.)

Spain argues that "[t]he law regarding email production calls for a systematic, staged inquiry into the relevant issues" and that the "inquiry [it] has sought in this case, and that is required, is analogous to that performed . . . in the Zubulake v. UBS Warburg ("Zubulake") opinions." (Pl.'s Objs. Feb. 8, 2007, 11,12.) In his January 24 Opinion and Order, Judge Ellis responded directly to Spain's invocation of Zubulake. Judge Ellis ruled:

> [Spain] argues that the three-step Zubulake analysis is necessary before the Court considers remedies [for spoliation]. This argument does not meet the standard for reconsideration . . . *In its post-hearing brief, Spain complained that ABS was attempting to compare this case to Zubulake, and apply the standards therein, but that the 'factual underpinnings of this case (from email usage to relevance of emails) could not be more different.'* Spain's Br. at 17-18. Now that this Court has found that emails were likely lost, it now urges the Court to apply the Zubulake standards so as to allow it the opportunity to do a further search for emails that it has consistently maintained do not exist. Spain's Mem. at 12-15. Having found that Spain violated its discovery obligations under the Federal Rules of Civil Procedure, this Court has the authority to proceed to a consideration of appropriate sanctions without following the procedural path established for the

>facts of Zubulake . . . The Court did not overlook the fact of recoverable emails; Spain insisted that there were no emails to recover.

(Jan. 24 Order at 5) (emphasis added). Spain's position that Judge Ellis could only make his findings on a motion to compel after multiple hearings or briefings (as in Zubulake I-V) on preservation and spoliation issues has no basis in the law. Spain has not identified, nor could it, binding authority that would have required Judge Ellis to apply the procedures outlined in the Zubalake cases. "Where . . . the nature of [one of] the alleged breach[es] of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction." Kyoei Fire & Marine Insurance Co. v. M/V Maritime Antalya, 248 F.R.D. 126, 144 (S.D.N.Y. 2007) (internal citation and quotation marks omitted). Judge Ellis conducted a thorough examination consistent with the requirements of the Federal Rules of Civil Procedure and his findings were neither clearly erroneous nor contrary to law. Spain's objections are, accordingly, overruled to this extent as well.

### The Remainder of Spain's Objections to the November 2 and January 25 Orders are Overruled

Plaintiff objects to a number of other discovery-related rulings made by Judge Ellis. The rulings include Judge Ellis' finding that Defendants' requested limitation of electronic discovery to 98 individuals and 15 e-mail addresses was reasonable and Judge Ellis' failure to identify a "trigger date" as of which Plaintiff should have commenced a litigation hold. The Court has reviewed Judge Ellis' Orders, as well as Plaintiff's objections. In each instance, Judge Ellis weighed properly the evidence and arguments, and his rulings were well within his discretion in resolving non-dispositive discovery issues. See American Stock Exchange LLC v.

Mopex, Inc., 215 F.R.D. 87, 91 (S.D.N.Y. 2002); 28 U.S.C. § 636(b)(1)(A). Accordingly, Spain's objections to Judge Ellis' November 2 and January 25 Orders are overruled in their entirety.

Objections to Judge Ellis' June 1 Order

Plaintiff objects to Judge Ellis' June 1 Order granting Defendants attorneys' fees in connection with their motion to compel discovery. Spain argues that an award of attorneys' fees "is not appropriate" because Spain was "substantially justified" in its opposition to the motion to compel. (Pl.'s 6/18/07 Objs. 2.)

Under Federal Rule of Civil Procedure 37, a court may impose broad sanctions for discovery-related abuses, including an award of reasonable expenses incurred in making a motion to compel discovery when "the opposing party's non-disclosure, response or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii); see also JSC Foreign Economic Assoc. v. Int'l Develop. and Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, *14 (S.D.N.Y. Aug. 16, 2005) (holding that the defendant's failure to produce responsive documents was not substantially justified pursuant to Rule 37); see also Pullen v. Arrow Fin. Servs., LLC, 02 Civ. 647, 2002 WL 32864712, *6 (D. Conn. Oct. 17, 2002) (holding that the defendant has resisted plaintiff's discovery requests and that its resistance was without substantial justification, and that defendant's actions resulted in unnecessary expenditure of the court's and plaintiff's resources). A court may also impose sanctions based on its "inherent power to manage its own affairs." Residential Funding Corp. v. Degeorge Fin. Corp., 306 F. 3d 99, 106-7 (2d Cir. 2002).

Judge Ellis conducted a careful examination of the legal standards applicable to

sanctions awards under the relevant standards and of the facts regarding Spain's failure to produce the electronic records. After his thorough analysis, Judge Ellis found that, because Spain's failure to preserve electronic information was negligent, Spain was not substantially justified in opposing Defendants' motion to compel. Thus, Judge Ellis found that Defendants were entitled to the reimbursement of the reasonable expenses incurred in making their motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(ii).[5] However, Judge Ellis denied all of Defendants' other sanctions requests (which included dismissal of the action and adverse inference instructions), having found after careful analysis that the legal predicates for such sanctions had not been met. It cannot be said that Judge Ellis' conclusion that Spain was not substantially justified in opposing Defendants' motion to compel was clearly erroneous or contrary to law. In the absence of such substantial justification Defendants were entitled to their expenses and Judge Ellis was well within his discretion to make the award of fees. Accordingly, Spain's objections to Judge Ellis' June 1 Order are overruled in their entirety.

---

[5] As amended effective December 1, 2007. Prior to the amendment, this provision was designated as subdivision (a)(4)(A) of Federal Rule of Civil Procedure 37.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Ellis' November 2, January 25, and June 1 Orders are overruled in their entirety.

SO ORDERED.

Dated: New York, New York
      August 18, 2008

/s/ LAURA TAYLOR SWAIN
United States District Judge