UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

REINO DE ESPAÑA, on its own behalf, and
as trustee,

                Plaintiff,

-v-                        No. 03 Civ. 3573 (LTS)(RLE)

AMERICAN BUREAU OF SHIPPING et al.,

                Defendants.

------------------------------------------------------x

                              **ORDER**

        In anticipation of the oral argument scheduled in this case for **Friday, May 7, 2010,** at **3:00 p.m.**, the Court directs the parties to address the following issues in their arguments:

A.  For Both Parties:

1. In making its choice of law determination, should the Court rely on the allegations in the pleadings or the parties' evidentiary proffers in analyzing the location of significant activities and interests?

2. Whether a showing of privity, or near-privity, is required to sustain Spain's causes of action for negligence, gross negligence or recklessness against ABS under U.S. law.

3. The difference, if any, between gross negligence and recklessness and any legal significance of that difference with respect to the viability of Spain's U.S. law claim.

4. To the extent a party contends that privity is not required, whether there is any limit on the nature or identity of third parties who can bring tort claims, in other words, to whom does the relevant duty extend and on what legal basis?

5. The meaning and legal significance, if any, of the language in the five-year Certificate of

Copies mailed/faxed to _all parties_
Chambers of Judge Swain
                    5-6-10

   Classification that concludes with the statement, "Under no circumstances whatsoever are these representations to be deemed to relate to any third party." (See Defendants' Statement of Material Undisputed Facts ¶ 39, docket entry no. 255.)

6. The facts relied upon by the parties to support their respective positions with respect to reliance, negligence and recklessness, and any significance of those facts for the Court's choice of law analysis.

7. Whether "substantial" U.S. contacts are sufficient to support the application of U.S. law even if another state has weightier contacts.

8. Whether Sundance II's distinction between statutory and classification surveys in connection with the application of the Bahamian immunity statute still stands, and its significance, if any, for this case.

B. For ABS:

1. The nature, effect, and conflicts of law significance, if any, of the Bahamian "guarantee" of "the completeness of the inspection and survey."

2. Its factual contentions (and the evidentiary basis therefor) as to which certificates are relevant to Spain's claims and where those certificates were issued.

C. For Spain:

1. Whether Spain's claims of injury are premised on any ABS conduct other than the issuance of classification certificates or renewals from the United States, and ABS's classification standards and procedures as formulated in the United States. What is the significance, if any, of Spain's contentions concerning negligent performance of surveys and related services?

2

2. The specific evidentiary bases of Spain's reliance argument (see also A.6 above).

3. The specific certifications upon which Spain's claims depend and the evidentiary basis for Spain's contentions as to their place of issuance (see also A.6 above).

Each party will be allocated thirty minutes, to be divided at the party's discretion between its principal argument and its reply argument. The parties shall make their arguments in the following sequence:

1. ABS (principal argument)

2. Spain (principal argument)

3. ABS (reply argument)

4. Spain (reply argument).

SO ORDERED.

Dated: New York, New York
May 6, 2010

LAURA TAYLOR SWAIN
United States District Judge

5 06 10 wpd

3